[Crim. No. 7646.   Second Dist., Div. One.   Nov. 18, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ARTHUR ALLEN WOLTZ, Defendant and Appellant.

Ivan R. Wainer, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal by the defendant from a judgment of conviction of assault with intent to commit rape and from an order denying a motion for a new trial. Respondent has made a motion to dismiss the appeal upon the ground that it presents no meritorious question.

In an information filed in Santa Barbara County the defendant was charged with the crime of rape by force and violence and against the will of his named victim. It also was charged that defendant previously had been convicted of robbery in Ohio and had served a term in a state prison therefor and that he had been convicted of possessing firearms in California (as an ex-felon) and with writing fictitious checks, and further that he had served a term in prison therefor. The

defendant pleaded not guilty and prior to the time of trial admitted the prior convictions as charged. A jury trial was had and defendant was found guilty of the lesser included offense of assault with intent to commit rape. An appeal was taken to this court.

Appellant made an application to this court for the appointment of counsel. Following the then procedure we referred the matter to the Committee on Criminal Appeals of the Los Angeles Bar Association and the cause was thoroughly gone into by a member of that committee. A report was made to this court which contained in part the following:

"I have examined the reporter's transcript and the clerk's transcript in the above entitled matter.

"I find no basis by which the verdict of the jury should be reversed.

"I found no basis for legal error insofar as the conduct of the trial was concerned.

"I believe the jury made adequate concession in this instance when they brought in an assault with intent to commit rape, a lesser included offense, rather than the claim of rape."

Based upon that report and our independent investigation and research of the record we denied defendant's motion to appoint counsel and at that time granted added time within which defendant could file a brief in his own behalf if he was so minded.

Appellant thereafter made another motion to this court for the appointment of counsel and such motion was denied.

Appellant petitioned the Supreme Court of California for a hearing in the matter. Such hearing was denied (three justices voted for a hearing). Defendant's appeal subsequently was dismissed under rule 17(a), California Rules of Court,* on December 27, 1961, and the remittitur issued.

Following the opinion of the Supreme Court of the United States with reference to the appointment of counsel in criminal cases on appeal, appellant on May 9, 1963, filed a petition to have the remittitur recalled and counsel appointed.

This court on May 22, 1963, vacated the dismissal order made on December 27, 1961, recalled the remittitur and appointed Ivan R. Wainer as counsel to represent the appellant.

Mr. Wainer after an obviously thorough examination of the record states in part in the concluding sentence of his brief "after reading and considering the entire record of the

*Formerly Rules on Appeal, rule 17(a).

proceedings in the instant case counsel cannot state to this Court in good conscience that there exists good cause for reversal.''

A résumé of some of the facts is as follows: The victim, an 18-year old part time cashier of a theatre, at about 5:30 p.m. of October 15, 1961, left the Our Lady of Sorrows Church in Santa Barbara and entered a public park across the street therefrom. She went to the bandstand which was more or less in the center of the park and seated herself. Shortly thereafter the appellant approached her and made inquiries about an old man who sometimes frequented the area. Appellant grasped the arm of the victim and kissed her. She got up to leave and was met with physical and forceful restraint by appellant. In the course of events she screamed and apparently was heard by the occupant of an apartment house adjoining the park. Appellant hit and kicked the victim and she became hysterical and fearful. She was knocked to her knees and was told to quiet down or he would kill her, at which point she ceased struggling and at the command of appellant she lay down and appellant started to and did take off part of the wearing apparel of the victim. The victim testified that there was penetration and that there was an act of intercourse. The appellant testified that there was no penetration because of her complete lack of any cooperation. In any event the victim walked and ran back to the theatre where she was employed and reported the episode to her employers. She was at that time in a state of hysteria, emotional shock and was crying. She later was taken to a doctor where she was examined and according to the evidence sperm was found in her vagina. Her clothing was stained in part with seminal fluid and blood.

The police talked to appellant and it was the testimony of one of the policemen that appellant at first denied being in the park or knowing of the victim. However, it also was stated that the defendant later admitted kissing the victim, preventing her from leaving the bandstand and that he had shaken her and covered her mouth with his hand to prevent her continued screaming and that he had removed part of her clothing.

Under the heading of ''Possible Points on Appeal'' it is asserted that as a part of the cross-examination of one of the investigating officers, counsel for the defendant read to the witness the complaint which had been filed in the municipal court wherein the defendant was charged with a violation

of section 664 of the Penal Code (attempted rape) as impeachment evidence of the officer's testimony to the effect that there had been penetration and hence rape. Pursuant to a request the officer was allowed to explain "concerning that." The officer then testified that there were two reasons for such a complaint in the first instance, one that he had only the statement of the victim at the time of the filing of the complaint and two that he had not received a report from any laboratory at the time to offer into evidence. The officer then testified that there was another factor, namely that Woltz had indicated that he would not plead guilty to rape. Defense counsel moved to strike the latter statement as not being responsive but the motion was overruled. The officer continued with his testimony stating "at that time we talked to Mr. Woltz in the interrogation room, he stated that he would not go for the rape; he would not plead guilty to the rape; however, that he would go for the attempt. And that is the reason—one of the prime factors that the attempt was filed at that time."

The testimony of the officer was amply corroborated by another police officer.

Since the amendments to the Penal Code, sections 1192.1 to 1192.4, "it is in the public interest that rejected pleas of guilty to a lesser degree of crime shall not be admissible in evidence." The obvious purpose of the law is to promote the public interest by encouraging the settlement of criminal cases without the necessity of trial. As the court said in *People* v. *Wilson*, 60 Cal.2d 139, 156 [32 Cal.Rptr. 44, 383 P.2d 452], "That policy is equally applicable to the situation now before us, where the issue is the admissibility of a rejected *offer* to plead guilty to a lesser degree of crime."

In this case however the error was inconsequential when the entire record is read and understood. No miscarriage of justice resulted here. The sworn testimony of the appellant was sufficient in most part to convict him of the offense of which he ultimately was convicted. The evidence is clearly such that the defendant could have been properly convicted of forcible rape and not of the lesser included offense.

The motion of respondent to dismiss the appeal is denied.

The judgment and the order denying the motion for a new trial are and each is affirmed.

Wood, P. J., and Lillie, J., concurred.